1  Kimmel & Silverman, P.C.
   1930 East Marlton Pike, Suite Q29
2  Cherry Hill, New Jersey 08003
   Telephone: 856-429-8334
3  Attorney of Record: Amy Bennecoff (AB0891)
   Attorney for Plaintiff
4

5

6                      **UNITED STATES DISTRICT COURT**
                                  **FOR THE**
7                        **DISTRICT OF NEW JERSEY**

8                                              )
   ELENA MONTANEZ,                             )
9                                              )
                Plaintiff                      )
10                                             )   **Case No.:**
                                               )
11 v                                           )
                                               )   **COMPLAINT AND DEMAND FOR**
12 ACADEMY COLLECTION SERVICES,                )   **JURY TRIAL**
   INC.  f/k/a MONARCH RECOVERY                )
   MANAGEMENT, INC.                            )   **(Unlawful Debt Collection Practices)**
13                                             )
                                               )
14 _____Defendant_____     )

15

16                            **COMPLAINT**

17         ELENA MONTANEZ ("Plaintiff"), by her attorney, AMY L. BENNECOFF, ESQUIRE,

18 alleges the following against ACADEMY COLLECTION SERVICES, INC. f/k/a MONARCH

19 RECOVERY MANAGEMENT, INC. ("Defendant"):

20

21                          **INTRODUCTION**

22         1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15

23 U.S.C. §1692, *et seq*. ("FDCPA").

24 .

25

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Defendant conducts business within the State of New Jersey and therefore, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

5.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

**PARTIES**

6.      Plaintiff is a natural person residing in Palisades Park, New Jersey, 07650.

7.      Plaintiff is a person granted a cause of action under the FDCPA.  <u>See</u> 15 U.S.C. §1692k(a), and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec 22, 2000).

8.      Defendant is a national debt collection company with corporate headquarters located at 10965 Decatur Road, Philadelphia, Pennsylvania, 19154.

9.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10.      Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**PRELIMINARY STATEMENT**

11.     The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action.  The substantive heart of the FDCPA lies in three broad prohibitions.  First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."  15 U.S.C. § 1692d.  Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. § 1692f.  The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress

additionally found existing laws and procedures for redressing debt collection injuries to be

inadequate to protect consumers. 15 U.S.C. § 1692b.

14.     Congress enacted the FDCPA to regulate the collection of consumer debts by

debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection

practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action

to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.


**FACTUAL ALLEGATIONS**

15.     Defendant and others it retained began in or around August 1, 2010 constantly

and continuously placing harassing and abusive collection calls to Plaintiff seeking and

demanding payment for an alleged consumer debt.

16.     The alleged debt arose out of a payday loan.

17.     Upon information and belief, the alleged debt Defendant was seeking to collect

arose out of transactions, which were primarily for personal, family, or household purposes.

18.     Defendant, through its employee identified as "David" harassed Plaintiff by

making continuous calls to her place of employment.

19.     At times, Defendant would contact Plaintiff one (1) to two (2) times a day.

20.     During its first communication with Plaintiff, Defendant failed to advise Plaintiff

that it was a debt collector attempting to collect a debt and any information obtained will be

used for that purpose.

21.     On or about September 9, 2010, after the Plaintiff instructed "David" to stop

contacting her at work, "David" advised Plaintiff he was going to continue to call her at work

- 4 -

and contact her boss until she lost her job; that she would be arrested for not paying the alleged debt; that he would fax her job information about her debt unless she paid; called her a "bitch"; told her she was being sued; and humiliated her by making fun of her accent.

22.     During a conversation on September 16, 2010, Defendant told Plaintiff's boss that he was an attorney attempting to sue the Plaintiff for money she owed; Defendant's contact with Plaintiff's boss was embarrassing to her.

23.     Following the September 9, 2010 and September 16, 2010 telephone calls, Plaintiff believed that an attorney was involved in the collection of the alleged debt and that an attorney could and would take legal action against her; however, to date, Defendant has not taken legal action against Plaintiff.

24.     Based on information and belief, Defendant misrepresented that it had taken legal action, never took any legal action against Plaintiff, and never intended to take legal action against her despite its threats to do so.

25.     Defendant contacted Plaintiff at times and places that were inconvenient to Plaintiff and were made known to Defendant as being inconvenient.

26.     Despite Plaintiff's instructions not to contact her, Defendant and others it retained still continued to contact Plaintiff at work, in an attempt to collect a debt.

27.     The repetitive calls to Plaintiff were disturbing, harassing, and an invasion of privacy; further, these repeated harassing calls left Plaintiff feeling nervous, sick to her stomach, worried about possibly losing her job, and have kept her from sleeping at night..

28.     Defendant and others it retained repeatedly contacted Plaintiff for at least eight (8) weeks in its attempts to collect this alleged debt.

29.     Plaintiff at all times has disputed owing this debt; however, despite Plaintiff's repeated dispute, Defendant persisted in its efforts to collect this alleged debt, contacting both

Plaintiff and her boss regarding this alleged debt.

30.     Defendant's employees and agents discussed the alleged debt with various third parties, including but not limited Plaintiff's boss on September 9, 2010 and September 16, 2010.

31.     Defendant also failed to send Plaintiff written notification of her rights to dispute the debt and/or seek verification of the debt within five (5) days of its initial communication with Plaintiff in August 2010.

32.     Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

33.     The FDCPA is a strict liability statute.  Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997).  "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages."  Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

34.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor.  Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006).  The remedial nature of the FDCPA requires that courts interpret it liberally.  Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006).  "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer."  Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

35.     The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard.  See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v.

- 6 -

<u>Harrison</u>, 950 F. 2d 107 (3d Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869 F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced."  Id.  The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. <u>Clomon,</u> 988 F. 2d at 1318.

## COUNT I
## <u>DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT</u>

36.    In their actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a.   When it contacted third parties for purposes other than obtaining location information for Plaintiff, in violation of 15 U.S.C. §1692b;

    b.   When it disclosed the existence of a debt owed by Plaintiff to third parties, in violation of 15 U.S.C. §1692b(2);

    c.   When it communicated with a third party, specifically Plaintiff's boss, more than once, about an alleged debt owed by Plaintiff, in violation of 15 U.S.C. §1692b(3);

    d.   When it communicated with the Plaintiff at any unusual; time or place known or which should be known to be inconvenient to the Plaintiff, in violation of 15 U.S.C. §1692c(a)(1);

e.  When it communicated with the Plaintiff at her place of employment and knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication, in violation of 15 U.S.C. §1692c(a)(3);

f.  When it communicated with someone other than the Plaintiff in connection with the collection of the alleged debt, in violation of 15 U.S.C. §1692c(b);

g.  Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C.§1692d;

h.  When it used or threatened to use violence or other criminal means to harm the physical person, reputation or property of the Plaintiff, in violation of 15 U.S.C.§1692d(1);

i.  When it used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader, in violation of 15 U.S.C.§1692d(2);

j.  When it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff, in violation of 15 U.S.C. §1692d(5);

k.  When it used false, misleading and deceptive means to collect a debt in violation of 15 U.S.C. §1692e;

l.  When it falsely represented the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. §1692e(2);

m.  When it implied that any individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. §1692e(3);

n.  When it implied that the nonpayment of any debt will result in the arrest or imprisonment of any person, in violation of 15 U.S.C. §1692e(4);

o.  When it made threats to take legal action that cannot legally be taken or not intended to be taken, in violation of 15 U.S.C. §1692e(5);

p.  When it made a false representation that the Plaintiff committed any crime or other conduct in order to disgrace the Plaintiff in violation of 15 U.S.C. §1692e(7);

q.  When it used false representations or deceptive means to collect the debt, in violation of 15 U.S.C. §1692e(10);

r.  When it failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. §1692e(11);

s.  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. §1692f;

t.  When it failed to validate the debt within 5 days after communicating with Plaintiff by sending written notice containing the amount of debt, name of creditor, etc., in violation of 15 U.S.C. §1692g(a); and

u.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, ELENA MONTANEZ, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ELENA MONTANEZ, demands a jury trial in this case.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

Respectfully submitted,

KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Attorney ID # AB 0891
    Kimmel & Silverman, P.C
    1930 E. Martlon Pike, Suite Q29
    Cherry Hill, New Jersey 08003
    Phone: (856)429-8334
    Facsimile (856) 216-7344
    Email: abennecoff@creditlaw.com

Dated: June 24, 2011